The Hon. Jamal N. Whitehead

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>CHAD CONTI,<br><br>　　　　　　　Defendant. | NO. CR24-164-JNW<br><br>[~~PROPOSED~~]<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

THIS MATTER comes before the Court on the United States' Motion for a Preliminary Order of Forfeiture (the "Motion") seeking to forfeit, to the United States, Defendant Chad Conti's interest in the following property seized on or about October 2, 2024, from Defendant's residence, located at 14011 SE 177th St., Apt. P104, Renton, Washington (the "Subject Property"):

　　a.　$4,110 in United States currency;

　　b.　One Taurus PT145 Pro Semi-Auto pistol, bearing serial number NZH73467, and any associated magazines and ammunition; and

　　c.　One Red and Silver Semi-Auto pistol, bearing serial number AE27337, and any associated magazines and ammunition.

Preliminary Order of Forfeiture - 1
*United States v. Conti,* CR24-164-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS that a Preliminary Order of Forfeiture is appropriate because:

- The Subject Property is forfeitable pursuant to 21 U.S.C. § 853 as it constituted proceeds and/or facilitating property of Defendant's commission of *Conspiracy to Distribute Controlled Substances*, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 (a lesser included offense of that charged in Count 1 of the Third Superseding Indictment) (*see* Dkt. Nos. 730, 966); and

- In his Plea Agreement, Defendant agreed to forfeit his interest in any property that facilitated and/or constituted proceeds of his commission of *Conspiracy to Distribute Controlled Substances* (a lesser included offense of that charged in Count 1), pursuant to 21 U.S.C. § 853, including the Subject Property (*see* Dkt. No. 966 ¶ 12).

NOW, THEREFORE, THE COURT ORDERS:

1) Pursuant to 21 U.S.C. § 853, and his Plea Agreement, Defendant's interest in the Subject Property is fully and finally forfeited, in its entirety, to the United States;

2) Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)-(B), this Preliminary Order will be final as to Defendant at the time he is sentenced, it will be made part of the sentence, and it will be included in the judgment;

3) The United States Department of Justice, the Federal Bureau of Investigation (FBI), and/or its authorized agents or representatives shall maintain the Subject Property in its custody and control until further order of this Court;

4) Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of the Subject Property as permitted by governing law. The notice shall be posted on an official government website – currently www.forfeiture.gov – for at least thirty (30) days. For

Preliminary Order of Forfeiture - 2
*United States v. Conti,* CR24-164-JNW

any person known to have alleged an interest in the property, the United States shall, to the extent possible, provide direct written notice to that person. The notice shall state that any person, other than the Defendant, who has or claims a legal interest in the property must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

     a.    shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property;

     b.    shall be signed by the petitioner under penalty of perjury; and,

     c.    shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, as well as any facts supporting the petitioner's claim and the specific relief sought.

5) If no third-party petition is filed within the allowable time period, the United States shall have clear title to the Subject Property, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

6) If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and,

///

///

Preliminary Order of Forfeiture - 3
*United States v. Conti,* CR24-164-JNW

7)    The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED.

DATED this 12th day of May, 2026.

_Jamal W_

Jamal N. Whitehead
United States District Judge

Presented by:

_s/Karyn S. Johnson_
KARYN S. JOHNSON
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-2462
Fax: (206) 553-6934
Karyn.S.Johnson@usdoj.gov

Preliminary Order of Forfeiture - 4
*United States v. Conti,* CR24-164-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970